# ORIGINAL

*Paid*
*Fee*
*$1*
*00*

**BY FAX**

1  CLAYEO C. ARNOLD
   A Professional Corporation
2  Clayeo C. Arnold SBN 65070
   Clifford L. Carter, SBN 149621    **E-filing**
3  Kirk J. Wolden, SBN 138902
   865 HOWE AVENUE
4  SACRAMENTO, CA 95825
   Tel:   (916) 924-3100
5  Fax:   (916) 924-1829
   E-mail: ccarter@justice4you.com   **ADR**
6
   LAW OFFICES OF PERRY D. LITCHFIELD
7  Perry D. Litchfield, SBN 99906
   1000 4th Street, Suite 875
8  San Rafael, CA 94901
   Tel:   (415) 459-2000
9  Fax:   (425) 457-7843
   E-mail: perry@sprintmail.com
10
11 Attorneys for Plaintiffs

**Filed**

**JUN 2 9 2012**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

12              UNITED STATES DISTRICT COURT
13              NORTHERN DISTRICT OF CALIFORNIA
                    (SAN JOSE DIVISION)

14  BRAD SCOTT and TODD HARRINGTON,        )  Case No.:
    individually and on                    )
15  Behalf of those similarly situated,    )
                                           )  **CV12-03413 PSG**
16      Plaintiffs,                        )  INDIVIDUAL AND CLASS
                                           )  ACTION COMPLAINT FOR
17  vs.                                    )  DECLARATORY RELIEF,
                                           )  EQUITABLE RELIEF, AND FOR
18  GOOGLE, INC.,                          )  DAMAGES
                                           )
19      Defendant.                         )  DEMAND FOR JURY TRIAL
                                           )
20

21      Plaintiffs BRAD SCOTT and TODD HARRINGTON ("Plaintiffs"), individually and on behalf

22  of the Class described below, bring this action for injunctive relief and statutory damages against

23  Defendant Google, Inc., (hereinafter "Google") and allege the following:

24                          **NATURE OF THE ACTION**

25      1.      This class action seeks injunctive relief and statutory damages against Google for its

26  unlawful and wrongful wiretapping or, in the alternative, eavesdropping in violation of California's

27  Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 630, *et seq.*

28

                                    1

2.      "The Legislature hereby declares that advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society." Cal. Pen. Code § 630.

3.      Plaintiffs and the Class allege that Google, intentionally and as part of a common practice, intercepts e-mails sent by individual non-Gmail subscribers sent from their non-Gmail e-mail accounts before their intended delivery to private individual Gmail subscribers, through the application of devices and techniques to review those e-mails for their words, content and thought processes. Plaintiffs are informed and believe that Google purports to justify the legality of its practice based upon a purported consent given by the intended Gmail subscriber recipient. However, the interception and review of the content of each e-mail occurs prior to delivery to the intended Gmail recipient and without the consent of the e-mail's author and sender. In so conducting itself, Google intercepts Plaintiffs' e-mail communications without Plaintiffs' knowledge, consent, or permission in violation of CIPA. Cal. Penal Code §§ 631, 632, 637 and 637.2. The invasion of privacy by wiretapping or, in the alternative, eavesdropping, caused by Google's continual and pervasive use of such devices and techniques seriously threatens the free exercise of personal liberties and is contrary to the behavior that the California Legislature has declared should be tolerated in a free and civilized society.

4.      Through CIPA, the California Legislature intends to protect the right of privacy. Cal. Pen. Code § 630. Plaintiffs bring this class action in reliance on and in furtherance of the protections afforded by the California Constitution, and California state law and public policy.

5.      Plaintiffs are among the multitude of U.S. residents whose privacy was invaded when Plaintiffs' private communications were and continue to be wiretapped or, in the alternative, eavesdropped upon by Google. As a result of Google's invasion of Plaintiffs' and the Class Members' privacy, Plaintiffs and the Class Members have been injured and each has a concrete interest in the outcome of this suit for redress or to stop Google's actions. Accordingly, Plaintiffs bring this class action against Google on behalf of Plaintiffs and others similarly situated, to obtain

2

CLASS ACTION COMPLAINT

1   injunctive relief and statutory damages as authorized under CIPA.

2                                **THE PARTIES**

3        6.      Plaintiff BRAD SCOTT is and at all times relevant hereto was a resident of Maryland

4   and is over the age of 19 years.

5        7.      Plaintiff Todd Harrington is and at all times relevant hereto was a resident of Alabama

6   and is over the age of 19 years.

7        8.      The Class is defined as follows:

8        All individuals who are not residing in California but who are residing in the United

9        States who are not Gmail subscribers and who have sent an e-mail to a private individual

10       Gmail subscriber from their non-Gmail e-mail account.

11       9.      Google is a Delaware corporation with its principle place of business at 1600

12  Amphitheatre Parkway, Mountain View, California 94043, in Santa Clara County. Google's registered

13  agent for service of process is CSC - Lawyers Incorporating Service located at 2730 Gateway Oaks

14  Drive, Suite 100, Sacramento, California 95833.

15                          **GENERAL ALLEGATIONS**

16       10.     Since approximately 2004, Google has operated a webmail service known as "Gmail."

17  Google also offers Gmail through its Google Apps services. Gmail is a web based e-mail service.

18       11.     Plaintiffs do not have or maintain personal Gmail accounts.

19       12.     Plaintiffs have and continue to send e-mail to Gmail subscriber recipients.

20       13.     Neither Plaintiffs nor any other member of the Class have provided their consent to

21  Google to intercept e-mails sent from their non-Gmail e-mail accounts before their delivery to private

22  individual Gmail subscribers or, through Google's application of devices and techniques, to review

23  those e-mails for their words, content and thought processes.

24       14.     Google is not an actual or intended recipient of the e-mails nor is Google a party to

25  Plaintiffs' and the Class Members' e-mails sent to private individual Gmail subscribers.

26       15.     Google's acts of interception in violation of CIPA resulted from business decisions,

27  practices and standard operating policies that were developed and implemented in California and which

28

                                        3
                            CLASS ACTION COMPLAINT

1   are unlawful and constitute criminal conduct in the state of Google's residence and principal business

2   operations center. Google's implementation of the business decisions, practices and standard operating

3   policies which violate CIPA occurred in California. Google profited in California as a result of its

4   repeated and pervasive violation of CIPA. Google's wrongful conduct which occurred in California

5   harmed all Class Members.

6        16.    By conducting itself in the manner alleged herein, including Paragraphs 3, and 10-15,

7   Google violated CIPA and otherwise acted adversely to the Plaintiffs' and each Class Members' privacy

8   rights.

9                                **JURISDICTION AND VENUE**

10        17.    Federal diversity jurisdiction exists under 28 U.S.C. §1332(d) given all Plaintiffs and the

11   Class are residents of states other than California and Google is a resident of California. The aggregate

12   value of the Class Members' claims exceeds the sum or value of five million dollars ($5,000,000.00),

13   exclusive of recoverable interest and costs. None of the causes of action stated herein has been assigned

14   or otherwise given to any other court or tribunal. Plaintiffs' claims are not preempted by the Electronic

15   Communications Privacy Act of 1986 ("ECPA"), 18 U.S.C. § 2510 *et seq.*, or other law or federal

16   regulation.

17        18.    Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391(b) because Google

18   resides in this Judicial District.

19                               **CLASS ACTION ALLEGATIONS**

20        19.    Plaintiffs bring their action individually and on behalf of all persons similarly situated

21   pursuant to Rules 23(b)(2), and/or 23(b)(3) of the Federal Rules of Civil Procedure. Plaintiffs seek to

22   represent the following Class:

23        All individuals who are not residing in California but who are residing in the United

24        States who are not Gmail subscribers and who have sent an e-mail to a private individual

25        Gmail subscriber from their non-Gmail e-mail account.

26        20.    Upon information and belief, the scope of the class definition, including its temporal

27   scope, may be further refined after discovery of Google's records and/or third party records.

28

21.   Excluded from the Class are governmental entities, business entities including corporations, limited liability corporations and limited liability partnerships, and other organizations or groups of individuals who are not private individuals, Google, any entity in which Google has a controlling interest, and Google's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Class is any judge, justice, or judicial officer presiding over the matter and the members of their immediate families and judicial staff.

22.   Plaintiffs' claims are typical of the claims of the Class. Plaintiffs are Members of the Class they seek to represent, and the Members of the Class are similarly situated and similarly affected and harmed by Google's wrongful conduct.  Members of the Class are ascertainable from Plaintiffs' description of the Class and/or Google's records and/or records of third parties which will be accessible through discovery.

23.   The representative Plaintiffs will fairly and adequately represent the Members of the Class and have no interests which are antagonistic to the claims of the Class. Plaintiffs' interests in this action are antagonistic to the interests of Google, and Plaintiffs will vigorously pursue the claims of the Class.

24.   The representative Plaintiffs have retained counsel who are competent and experienced in consumer class action litigation, and have successfully represented plaintiffs in complex class actions.

25.   Common questions of law and fact exist and predominate over those of an individualized nature, if any, and a common remedy by way of permissible statutory damages and injunctive relief is sought for the Class.

26.   There are substantial questions of law and fact common to all Members of the Class which will predominate over any individual issues. These common questions of law and fact include, without limitation:

a.   Whether Google has and continues to intercept and review and/or record the e-mail communications by Plaintiffs and the Class to private individual Gmail subscribers before their receipt by the Gmail subscribers;

.5

1           b.      Whether Google has the consent of Plaintiffs and the Class to intercept and

2   review and/or record the e-mail communications by Plaintiffs and the Class to private

3   individual Gmail subscribers before their receipt by the Gmail subscribers;

4           c.      Whether Google's conduct as described in (a) and (b) above constitutes

5   wiretapping in violation of CIPA;

6           d.      Whether Google's conduct as described in (a) and (b) above constitutes

7   eavesdropping in violation of CIPA; and

8           e.      Whether Plaintiffs and the Class are entitled to injunctive relief and statutory

9   damages as provided for by CIPA.

10        27.    A class action provides a fair and efficient method, if not the only method, for

11   adjudicating a controversy of this size. The substantive claims of the representative Plaintiffs and the

12   Class are nearly identical and will require evidentiary proof of the same kind and application of the

13   same law. The nature of the case, the legal issues involved, and the relatively small monetary value of

14   any individual claim for statutory damages militates against the viability of adjudication on an

15   individual basis.

16        28.    A class action is superior to other available methods for the fair and efficient

17   adjudication of the controversy, because Plaintiffs believe Class Members number in the hundreds of

18   thousands and individual joinder is impracticable. The expense and burden of individual litigation

19   would make it impracticable or impossible for proposed Class Members to prosecute their claims

20   individually. Trial of Plaintiffs' and the Class Members' claims is manageable. Unless a class is

21   certified, Google will remain free to continue to engage in the wrongful and illegal conduct alleged

22   herein without consequence.

23        29.    The persons in the Class are so numerous that the joinder of all such persons

24   individually in the case is impracticable, and the disposition of all as part of a single class action

25   lawsuit, rather than hundreds or thousands of individual lawsuits, will benefit the parties and greatly

26   reduce the aggregate judicial resources that would be spent if the matter were handled as hundreds or

27   thousands of separate lawsuits.

28

CLASS ACTION COMPLAINT

30.     Plaintiffs will not encounter any difficulty in the management of Plaintiffs' litigation which would preclude the maintenance of a class action.

31.     The prosecution of this class action is vital to California's state interests and those of the Class in order to stop Google's unlawful and repugnant practice of reviewing and reading people's e-mail without their consent and/or knowledge, conduct which the legislature has declared "cannot be tolerated in a free and civilized society." Cal. Pen. Code § 630.

32.     Plaintiffs have standing to bring this action pursuant to Cal. Pen. Code § 637.2 which states, "[a]ny person who has been injured by a violation of this chapter may bring an action against the person who committed the violation..." and further due to Google's actions which occurred within the State of California, and because Google's wrongful activities and decisions to engage in such activities are unlawful and constitute criminal activity in California, which is Google's state of principal residence as well as principal place of business operation and decision making.

**CAUSE OF ACTION**

Violation of Cal. Penal Code § 630, *et seq.*

(On Behalf of Plaintiffs and the Class)

33.     Plaintiffs incorporate herein by reference the allegations contained in the preceding paragraphs of their Complaint, as though fully set forth herein.

34.     Cal. Pen. Code § 631 makes it illegal and prohibits anyone from intentionally and without the consent of all parties to engage in wiretapping of e-mail communications.  In engaging in the conduct alleged herein, including Paragraphs 3, and 10-16 above, Google has and continues to violate Cal. Pen. Code § 631 as to Plaintiffs and the Class.

35.     In the alternative, and if the conduct alleged herein is not wiretapping within the meaning of Cal. Pen. Code §631, Cal. Pen. Code § 632 makes it illegal and prohibits anyone from intentionally and without the consent of all parties to engage in eavesdropping of e-mail communications which are confidential communications as defined in Cal. Pen. Code section 632(c).  In engaging in the conduct alleged herein, including Paragraphs 3, and 10-16 above, Google has and continues to violate Cal. Pen. Code § 632 as to Plaintiffs and the Class.

7

CLASS ACTION COMPLAINT

36.     At all relevant times, Google wiretapped or, in the alternative, eavesdropped upon and/or recorded the e-mails of Plaintiffs and the Class sent from their non-Gmail accounts to the Gmail accounts of private individuals before receipt by the Gmail subscriber without the consent of all parties to the confidential e-mail communication.  If such conduct constitutes eavesdropping under Cal. Pen. Code § 632, these communications qualify as confidential communications within the meaning of Cal. Pen. Code section 632(c).   In engaging in the conduct as herein alleged, Google has and continues to violate CIPA as to the Plaintiffs and the Class.

37.     On behalf of Plaintiffs and the Class, Plaintiffs seek an order requiring Google to cease its violations of California Penal Code § 630, *et seq.*  Among other things, Google should be required to stop eavesdropping, recording and/or intercepting e-mail sent from individual non-Gmail users to private individual Gmail users, and to stop intercepting Plaintiffs' and the Class Members' e-mails prior to receipt by Gmail subscribers.

38.     On behalf of Plaintiffs and the Class, Plaintiffs further seek an award of statutory damages for each member of the Class as prescribed by Cal. Penal Code § 637.2(a)(1).  An award of statutory damages is necessary to redress violations and to deter future unlawful and wrongful circumventions of rightful privacy rights by Google.

WHEREFORE, Plaintiffs pray for judgment, on behalf of themselves and the proposed Class, as follows:

1.      That the Court certify the Class as requested pursuant to Rules 23(b)(2), and/or 23(b)(3) of the Federal Rules of Civil Procedure and appoint Plaintiffs and Plaintiffs' counsel to represent the Class;

2.      For appropriate injunctive and/or declaratory relief including but not limited to an injunction that Google has and continues to engage in wiretapping as defined in CIPA against Plaintiffs and the Class;

3.      Statutory damages for each Class member;

4.      Reasonable attorneys' fees, expenses and costs of suit; and

5.      For such other relief as the Court may deem appropriate.

CLASS ACTION COMPLAINT

1

## DEMAND FOR JURY TRIAL

2      Plaintiffs individually and for the Class demand a jury trial on all claims, issues and requests for

3   relief.

4   DATED: June 29, 2012                       ARNOLD LAW FIRM

5

6                                By:_____

7                                    Clifford L. Carter
                                    Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT