1  CLAYEO C. ARNOLD
   A Professional Law Corporation
2  CLAYEO C. ARNOLD (SBN 65070)
   E-mail: clay@justice4you.com
3  CLIFFORD LEE CARTER (SBN 149621)
   E-mail: cliff@justice4you.com
4  KIRK J. WOLDEN (SBN 138902)
   E-mail: kirk@justice4you.com
5  865 Howe Avenue
   Sacramento, CA 95825
6  Telephone:(916) 924-3100
   Facsimile:(916) 924-1829
7
   WYLY~ROMMEL, PLLC
8  Sean F. Rommel (*Pro Hac Vice*)
   E-mail: srommel@wylyrommel.com
9  James C. Wyly (*Pro Hac Vice*)
   E-mail: jwyly@wylyrommel.com
10 4004 Texas Boulevard
   Texarkana, Texas 75503
11 Telephone: (903) 334-8646
   Facsimile: (903) 334-8645
12
   CORY WATSON CROWDER & DEGARIS, P.C.
13 F. Jerome Tapley (*Pro Hac Vice*)
   E-mail: jtapley@cwcd.com
14 Hirlye R. "Ryan" Lutz, III (*Pro Hac Vice*)
   E-mail: rlutz@cwcd.com
15 2131 Magnolia Avenue
   Birmingham, AL 35205
16 Telephone: (205) 328-2200
   Facsimile: (205) 324-7896
17
   Attorneys for Plaintiffs and the Class
18 *Additional Counsel on Signature Page*

19
                    UNITED STATES DISTRICT COURT
20              FOR THE NORTHERN DISTRICT OF CALIFORNIA
                          SAN JOSE DIVISION
21

22 BRAD SCOTT and TODD
   HARRINGTON, individually and on Behalf    Civil Action No: 5:12CV003413-LHK
   of those similarly situated,
23                                           **FIRST AMENDED CLASS ACTION
            Plaintiffs,                      COMPLAINT FOR DECLARATORY
24 v.                                        RELIEF, EQUITABLE RELIEF, AND
                                             FOR DAMAGES**
25 GOOGLE, INC.
                                             JURY DEMANDED
26          Defendant.
                                             Dept.:   Courtroom 8—4th Floor
27                                           Judge:   Hon. Lucy H. Koh

28

Page 1 of 1

First Amended Class Action Complaint

PLAINTIFFS, BRAD SCOTT and TODD HARRINGTON ("Plaintiffs"), individually and on behalf of the Class described below, bring this action for injunctive relief and statutory damages against Defendant Google, Inc. ("Google"), and allege the following:

## PARTIES

1. Plaintiff BRAD SCOTT is and at all times relevant hereto was a resident of Maryland and is over the age of 19 years.

2. Plaintiff TODD HARRINGTON is and at all times relevant hereto was a resident of Alabama and is over the age of 19 years.

3. Plaintiffs' proposed Class is defined as follows:

> All United States citizens, excluding California residents and Gmail subscribers, who have sent an e-mail to a private individual Gmail subscriber.

4. Google is a Delaware corporation, whose principal place of business is at 1600 Amphitheatre Parkway, Mountain View, County of Santa Clara, State of California. Google has been served and is a party.

## JURISDICTION AND VENUE

5. Pursuant to 28 U.S.C. § 1332(d), this Court has original federal diversity jurisdiction given all Plaintiffs and the Class are residents of states other than California and Google is a resident of California. The aggregate value of the Class members' claims exceeds the sum or value of five million dollars ($5,000,000.00), exclusive of recoverable interest and costs. None of the causes of action stated herein has been assigned or otherwise given to any other court or tribunal. Plaintiffs' claims are not preempted by the Electronic Communications Privacy Act of 1986 ("ECPA"), 18 U.S.C. § 2510 *et seq.*, or other law or federal regulation.

6. This Court has general and specific personal jurisdiction over the Defendant because Google is a resident of California.

7. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) because Google resides in this Judicial District.

First Amended Class Action Complaint

## NATURE OF SUIT

8. This class action seeks injunctive relief and statutory damages against Google for its unlawful and wrongful (1) reading or learning of the contents or meaning of Plaintiffs' and Class Members' communications and, in the alternative, (2) eavesdropping upon or recording Plaintiffs' and Class Members' communications in violation of California's Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 630, *et seq.*

9. "The Legislature hereby declares that advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society." Cal. Pen. Code § 630.

10. Plaintiffs and the Class allege that Google, intentionally and as part of a common practice, reads, scans, processes, copies, acquires content from, makes copies of content from, creates data and information from the content to be used in association with content in, or creates data and information from the content to be used apart from content in the e-mails sent by Plaintiffs and Class Members from their non-Gmail accounts to Gmail recipients. Google performs these actions upon the e-mails sent by Plaintiffs and Class Members to Gmail recipients in order to read, attempt to read, eavesdrop upon, or to learn the content or meaning of the e-mails. Further, Google makes copies or records all or part of the e-mails sent by Plaintiffs and Class Members to Gmail recipients.

11. At the time Google reads, attempts to read, learns the content or meaning of, eavesdrops upon, and records Plaintiffs' and Class Members' communications, Google does so without the consent of all parties to the communications.

12. At the time Google reads, attempts to read, learns the content or meaning of, eavesdrops upon, and records Plaintiffs' and Class Members' communications, Google does so without authorization from any party to the communications.

13. In so conducting itself, Google reads, attempts to read, learns the content or

First Amended Class Action Complaint

meaning of, eavesdrops upon, and records Plaintiffs' and Class Members' communications without Plaintiffs' and Class Members' knowledge, consent, or permission in violation of CIPA. Cal. Penal Code §§ 631, 632, 637 and 637.2.  The invasion of privacy by reading, attempting to read, learning the contents or meaning of, eavesdropping upon, and recording of Plaintiffs' and Class Members' communications to Gmail users caused by Google's continual and pervasive use of such devices and techniques seriously threatens the free exercise of personal liberties and is contrary to the behavior that the California Legislature has declared should be tolerated in a free and civilized society.

14.   Through CIPA, the California Legislature intends to protect the right of privacy. Cal. Pen. Code § 630, *et seq*.  Plaintiffs bring this class action in reliance on and in furtherance of the protections afforded by the California Constitution, and California state law and public policy.

15.   Plaintiffs are among the multitude of U.S. residents whose privacy was invaded when Plaintiffs' private communications were and continue to be read or, in the alternative, eavesdropped upon by Google.  As a result of Google's invasion of Plaintiffs' and the Class Members' privacy, Plaintiffs and the Class Members have been injured and each has a concrete interest in the outcome of this suit for redress or to stop Google's actions.  Accordingly, Plaintiffs bring this class action against Google on behalf of Plaintiffs and others similarly situated, to obtain injunctive relief and statutory damages as authorized under CIPA.

16.   Plaintiffs have standing to bring this action because (1) they have been injured by Defendant's reading of, attempts to read, learning of the content or meaning of, eavesdropping upon, and recording of communications Plaintiffs sent to Gmail users, all in violation of the statutory prohibitions enumerated by the California's Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 630, *et seq*; (2) Plaintiffs injuries are actual in that Plaintiffs' privacy has been invaded *via* Google's use of devices and techniques that create a serious threat to the free exercise of personal liberties which cannot be tolerated in a free and civilized society as

First Amended Class Action Complaint

enumerated by the CIPA; (3) the injury is directly attributable to Google's processes and devices, and Google derives a financial windfall from the reading of, attempts to read, learning of the content or meaning of, eavesdropping upon, and recording of communications Plaintiffs sent to Gmail users; and (4) in the event of a favorable decision, CIPA provides a concrete redress to Plaintiffs for their harm.

17. Google's acts in violation of CIPA resulted from business decisions, practices, and operating policies that were developed, implemented, and utilized in the State of California and which are unlawful and constitute criminal conduct in the state of Google's residence and principal business operations center. Google's implementation of its business decisions, practices, and standard ongoing policies which violate CIPA occurred in the State of California. Google profited in the State of California as a result of its repeated and pervasive violations of CIPA. Google's wrongful conduct which occurred in the State of California harmed Plaintiffs and all Class Members.

## STATEMENT OF FACTS

18. Google operates an e-mail service known as "Gmail."

19. Plaintiffs and the Class Members do not have or maintain personal Gmail accounts.

20. Plaintiffs and the Class Members have sent e-mails to Gmail recipients.

21. Google is not an actual or intended recipient of the e-mails sent by Plaintiffs and the Class Members to Gmail recipients.

22. Google is not a party to Plaintiffs' and Class Members' e-mails sent to Gmail recipients.

23. The actions complained of herein involve Plaintiffs' and the Class Members' communications (e-mail) that they have sent to Gmail users and Google's acts upon those communications while in transit and at the receiving end of the transmissions.

First Amended Class Action Complaint

24. E-mail sent to Google's Gmail users are messages.

25. Plaintiffs' and Class Members' e-mails sent to Gmail recipients are messages.

26. E-mail sent to Google's Gmail users are communications.

27. Plaintiffs' and Class Members' e-mails sent to Gmail recipients are communications.

28. E-mail sent to Google's Gmail users are transmitted in defined Internet Message Formats with destination address fields specifying the recipients of the message.

29. Plaintiffs' and Class Members' e-mails sent to Gmail recipients are transmitted in defined Internet Message Formats with destination address fields specifying the recipients of the message.

30. Pursuant to the destination address fields, e-mail sent to Google's Gmail users are confined to those persons specified as recipients in the destination address fields.

31. Pursuant to the destination address fields, Plaintiffs' and Class Members' e-mail sent to Google's Gmail users are confined to those persons specified as recipients in the destination address fields.

32. This case does not involve Google's automated scanning of e-mail for spam or virus protection.

33. This case involves Google's creeping and peeping to learn the content and meaning of e-mail which Google does separate and apart from the automated scanning of e-mail for spam or virus protection. It is not necessary for Google to creep and peep and learn the content and meaning of e-mail in order for Google to conduct its automated scanning of e-mail for spam or virus protection.

34. This case involves Google's common and uniform practice of reading, attempting to read, scanning, processing, copying, acquiring content of, making copies of content of, creating data from the content of, eavesdropping upon, and recording of e-mails sent by Plaintiffs and Class Members from their non-Gmail accounts to Gmail recipients.

35. Google reads, attempts to read, learns of the content or meaning of, records

First Amended Class Action Complaint

and/or eavesdrops upon the communications sent by Plaintiffs and Class Members to Gmail users.

36. While Google itself uses the words "scan" or "scanning" in relation to its activities, Plaintiffs allege Google's scanning amounts to reading, attempting to read, learning of the content or meaning of, recording, and/or eavesdropping upon the communications sent by Plaintiffs and Class Members to Gmail users.

37. To determine or identify "keywords" in Plaintiffs' and Class Members' e-mail to Gmail users, Google reads, attempts to read, learns of the content or meaning of, copies, records and/or eavesdrops upon the communications sent by Plaintiffs and Class Members to Gmail users.

38. Google uses its patented Probabilistic Hierarchical Inferential Learner (or "PHIL") and REPHIL to infer the concepts and meanings behinds the words in a body of text. To associate the appropriate "PHIL Clusters" or "REPHIL Clusters" with the content of e-mails, Google reads, attempts to read, learns of the content or meaning of, copies, records and/or eavesdrops upon the communications sent by Plaintiffs and Class Members to Gmail users.

39. To generate additional information about the e-mail sent by Plaintiffs and Class Members to Gmail users, Google reads, attempts to read, learns of the content or meaning of, copies, records, and/or eavesdrops upon the communications sent by Plaintiffs and Class Members to Gmail users.

40. Systems such as PHIL or REPHIL, or something similarly designed and employed by Google, learn "concepts" by learning an explanatory model of text. As such, PHIL's concepts are supposed to model the *actual ideas* in a person's mind before that person generates the text that is scanned.

41. While the e-mails are in transit, Google scans the e-mails sent by Plaintiffs and

First Amended Class Action Complaint

Class Members to Gmail users.

42. While the e-mails are in transit, Google scans the e-mails for "keywords," "PHIL clusters," "REPHIL Clusters," and other content in e-mails sent by Plaintiffs and Class Members to Gmail users.

43. Google scans the e-mails sent by Plaintiffs and Class Members to Gmail users by use of one or more machines, instruments, contrivance, amplifying device or recording device.

44. No party to Plaintiffs' and Class Members' e-mail sent to Gmail users has consented to Google's reading, attempting to read, learning of the content or meaning of, recording, and/or eavesdropping upon the communications sent by Plaintiffs and Class Members to Gmail users.

45. No party to Plaintiffs' and Class Members' e-mail sent to Gmail users has authorized Google to read, attempt to read, learn of the content or meaning of, record, and/or eavesdrop upon the communications sent by Plaintiffs and Class Members to Gmail users.

46. The content and meaning of the e-mails which Plaintiffs and Class Members send to Gmail users is private and confidential among those persons in the destination address fields. The e-mails sent to Gmail users are confined to those persons specified as recipients in the destination address fields and are private communications among that group.

47. The content and meaning contained in Plaintiff's and Class Members' e-mails which they send to Gmail users are only to be learned by those persons specified as recipients in the destination address.

48. Plaintiffs and the Class Members have all been harmed by Google's creeping and peeping upon their emails which violates Plaintiffs' and the Class Members' privacy rights.

49. Google's activities in California violate Plaintiffs' and the Class Members' privacy rights.

## CLASS ALLEGATIONS

50. Plaintiffs bring this class action, pursuant to Rule 23(a) and (b)(2) and/or (b)(3) of the *Federal Rules of Civil Procedure*, individually and on behalf of all members of the

First Amended Class Action Complaint

following Class. The Class consists of:

> **All United States citizens, excluding California residents and Gmail subscribers, who have sent an e-mail to a private individual Gmail subscriber.**

    a.    Excluded from the class are the following individuals and/or entities:

        i.    Any and all federal, state, or local governments, including but not limited to their department, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions;

        ii.    Individuals, if any, who timely opt out of this proceeding using the correct protocol for opting out;

        iii.    Current or former employees of Google;

        iv.    Individuals, if any, who have previously settled or compromised claims(s) as identified herein for the class; and

        v.    Any currently sitting federal judge and/or person within the third degree of consanguinity to any federal judge.

**A.**   <u>**Ascertainability**</u>

51. The Class is objectively defined.

52. The Class is ascertainable.

53. Upon Court-approved notice, any Class Member who desires to seek actual damages pursuant to Cal. Pen. Code § 637.2(a)(2) may opt-out OR remain in the Class and be bound by the remedies and results sought herein.

**B.**   <u>**Numerosity**</u>

54. The Class is so numerous that joinder of all members is impracticable.

55. The number of Class Members is in excess of 100 persons.

**C.**   <u>**Commonality**</u>

56. There are questions of law or fact common to the class. These questions include, but are not limited to, the following:

*§ 631 claims*

    a.    Whether Google, as a corporation, is a "person"?

    b.    Whether Google, as a corporation, acts through "persons" for whose actions Google is liable?

    c.    Whether Google uses a "machine," "instrument," "contrivance," or "in any other manner" to read, attempt to read, or to learn the content or meaning of Plaintiffs' and the Class Members' e-mails.

    d.    Whether Google acts willfully when it reads, attempts to read, or learns the content or meaning of Plaintiffs' and Class Members' e-mails.

    e.    Whether Google has the consent of all parties to the communication or does it act in an unauthorized manner when it reads, attempts to read, or learns the content or meaning of Plaintiffs' and Class Members' e-mails?

    f.    Does Google's scanning, processing, or copying of Plaintiffs' and Class Members' e-mail amount to Google reading, attempting to read, or learning the content or meaning of Plaintiffs' and Class Members' e-mails.

    g.    Do Plaintiffs' and Class Members' e-mails amount to "any message, report, or communication?"

    h.    At the time Google reads, attempts to read, or learns the contents or meaning of Plaintiffs' and Class Members' e-mails, are the e-mails in transit to the Gmail recipients?

    i.    At the time Google reads, attempts to read, or learns the contents or meaning of Plaintiffs' and Class Members' e-mails, are the e-mails passing over any wire, line, or cable?

*§ 632 claims*

    a.    Whether Google, as a corporation, is a "person?"

    b.    Whether Google, as a corporation, acts through "persons" for whose actions Google is liable?

First Amended Class Action Complaint

   c. Whether Google intentionally and without the consent of all parties to the communication eavesdrops upon or records Plaintiffs' and Class Members' e-mails sent to Gmail recipients?

   d. Whether Google uses any electronic amplifying or recording device to eavesdrop upon Plaintiffs' and Class Members' e-mails sent to Gmail recipients?

   e. Whether the e-mails sent by Plaintiffs and Class Members to Gmail recipients are confidential communications?

   f. Whether the e-mails sent by Plaintiffs and Class Members to Gmail recipients are carried on among those parties by means of a device not a radio?

*§ 637.2 relief*

   a. Whether Plaintiffs and the Class are entitled to preliminary and permanent injunctive relief to halt Google's violations?

   b. Whether Plaintiffs and the Class are entitled to appropriate declaratory relief?

   c. Whether each Plaintiff and each Class Member are entitled to $5,000 in statutory damages?

   d. Whether Plaintiffs and the Class are entitled to reasonable attorneys' fees and other litigation costs reasonably incurred?

**D.** **Typicality**

 57. Plaintiffs' claims are typical of the claims of the Class in that Plaintiffs and Class Members sent e-mail to Gmail users; Google read, eavesdropped, or recorded Plaintiffs' and Class Members' e-mail contents; neither Plaintiffs nor the Class Members consented to Google's reading, eavesdropping, or recording of their e-mails; and Plaintiffs and the Class Members are entitled to declaratory relief, statutory damages, and injunctive relief due to Google's conduct.

**E.** **Adequacy of Representation**

 58. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs'

Page 11 of 11
First Amended Class Action Complaint

interests do not conflict with the interests of the Class Members. Plaintiffs' interests, like those of the Class Members, are antagonistic to Google. Furthermore, Plaintiffs have retained competent counsel experienced in class action litigation. Plaintiffs' counsel will fairly and adequately protect and represent the interests of the Class.

**F.     Predominance and Superiority**

59.     Pursuant to Fed. R. Civ. P. 23(b)(3), questions of law or fact common to the Class Members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

60.     Google's scanning and processes regarding the e-mails received by Gmail users are uniform.

61.     Google's creeping and peeping practices are uniform.

62.     All disclosures made by Google to any person upon which Google could assert a defense of consent or authorization are uniform. Accordingly, issues about truthfulness, completeness, ambiguity, and sufficiency of such statements can be uniformly determined.

63.     A class action is superior to any individual action available.

## CAUSES OF ACTION

## VIOLATIONS OF CAL. PENAL CODE § 630, *et seq.*

**A.     Violations of Cal. Penal Code § 631(a)**

64.     Pursuant to Cal. Penal Code § 7, Google, as a corporation, is a "person."

65.     Google uses a "machine," "instrument," "contrivance," or "in any other manner" to read, attempt to read, or to learn the content or meaning of Plaintiffs' and the Class Members' e-mails. The identity and name of the "machine," "instrument," or "contrivance" used by Google is known by Google and otherwise unknown by Plaintiffs and the Class, but will be revealed through discovery.

66.     Google acts wilfully when it reads, attempts to read, or learns the content or meaning of Plaintiffs' and Class Members' e-mails.

67. Google does not have the consent of all parties to the communication or it acts in an unauthorized manner when it reads, attempts to read, or learns the content or meaning of Plaintiffs' and Class Members' e-mails.

68. Google's scanning, processing, or copying of Plaintiffs' and Class Members' e-mail amounts to Google reading, attempting to read, or learning the content or meaning of Plaintiffs' and Class Members' e-mails.

69. Plaintiffs' and Class Members' e-mails amount to "any message, report, or communication."

70. At the time Google reads, attempts to read, or learns the contents or meaning of Plaintiffs' and Class Members' e-mails, the e-mails are in transit to the Gmail recipients.

71. At the time Google reads, attempts to read, or learns the contents or meaning of Plaintiffs' and Class Members' e-mails, the e-mails are passing over any wire, line, or cable.

**B.    Violations of Cal. Penal Code § 632**

72. Pursuant to Cal. Penal Code §§ 7 and 632(b), Google, as a corporation, is a "person."

73. Google intentionally and without the consent of all parties to the communication eavesdrops upon or records Plaintiffs' and Class Members' e-mails sent to Gmail recipients.

74. Google uses any electronic amplifying or recording device to eavesdrop upon Plaintiffs' and Class Members' e-mails sent to Gmail recipients.

75. The e-mails sent by Plaintiffs and Class Members to Gmail recipients are confidential communications.

76. The e-mails sent by Plaintiffs and Class Members to Gmail recipients are carried on among those parties by means of a device not a radio.

**C.    Cal. Penal Code § 637.2 Relief**

77. As a result of Google's violations of §§ 631 and 632, Plaintiffs and the Class are entitled to:

    a.    Preliminary and permanent injunctive relief to halt Google's violations;

First Amended Class Action Complaint

     b.     Appropriate declaratory relief;

     c.     For each Plaintiff and each Class Member, $5,000; and

     d.     Reasonable attorneys' fees and other litigation costs reasonably incurred.

## DEMAND FOR JURY TRIAL

Plaintiffs individually and for the Class demand a jury trial on all claims, issues, and requests for relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all Class members, pray judgment be entered against Defendant and that the Court grant the following:

1. An order certifying the Class and appointing Plaintiffs and their Counsel to represent the Class;

2. Judgment against the Defendant for Plaintiffs' and the Class Members' asserted causes of action;

3. Appropriate declaratory relief against Defendant;

4. Preliminary and permanent injunctive relief against Defendant;

5. An award of statutory damages to the Plaintiffs and the Class, for each, the amount of $5,000;

6. An award of reasonable attorneys' fees and other litigation costs reasonably incurred; and

7. Any and all other relief to which the Plaintiffs and the Class may be entitled.

Respectfully submitted,

Dated:  September 12, 2012         CLAYEO C. ARNOLD
                                            A Professional Law Corporation

                                            By:*/s/ Kirk J. Wolden*
                                                Clayeo C. Arnold (SBN 65070)
                                                E-mail: clay@justice4you.com
                                                Clifford Lee Carter (SBN 149621)
                                                E-mail: cliff@justice4you.com
                                                Kirk J. Wolden (SBN 138902)

First Amended Class Action Complaint

E-mail: kirk@justice4you.com
865 Howe Avenue
Sacramento, CA 95825
Telephone:(916) 924-3100
Facsimile:(916) 924-1829


WYLY~ROMMEL, PLLC
Sean F. Rommel (*Pro Hac Vice*)
E-mail: srommel@wylyrommel.com
James C. Wyly (*Pro Hac Vice*)
E-mail: jwyly@wylyrommel.com
4004 Texas Boulevard
Texarkana, Texas 75503
Telephone: (903) 334-8646
Facsimile: (903) 334-8645

CORY WATSON CROWDER & DEGARIS, P.C.
F. Jerome Tapley (*Pro Hac Vice*)
E-mail: jtapley@cwcd.com
Hirlye R. "Ryan" Lutz, III (*Pro Hac Vice*)
E-mail: rlutz@cwcd.com
2131 Magnolia Avenue
Birmingham, AL 35205
Telephone: (205) 328-2200
Facsimile: (205) 324-7896


PERRY D. LITCHFIELD LAW OFFICES
Perry D. Litchfield (SBN 99906)
E-mail: perry@sprintmail.com
1000 Fourth Street
Ste 875
San Rafael, CA 94901
Telephone: (415) 459-2000
Facsimile: (425)457-7843

GILL ELROD RAGON OWEN
& SHERMAN, P.A.
Drake Mann (*Pro Hac Vice* pending)
Email: mann@gill-law.com
425 West Capitol Avenue, Suite 3801
Little Rock, Arkansas 72201
(501) 376-3800 (Telephone)
(501) 372-3359 (Fax)


Attorneys for Plaintiffs and the Class

First Amended Class Action Complaint